# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 6, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| JENNIFER WAGNER, on behalf of the estate of the deceased, S.R.C., | * * * | UNPUBLISHED |
| Petitioner, | * * | No. 23-1879V |
| v. | * * | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Attorneys' Fees and Costs. |
| Respondent. | * * | |
| * * * * * * * * * * * * | | |

<u>Elizabeth Kyla Abramson</u>, Maglio Christopher & Toale, P.A., Washington, DC, for Petitioner.
<u>Dorian Hurley</u>, U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On October 25, 2023, Jennifer Wagner ("Petitioner"), on behalf of the estate of the deceased S.R.C., filed a petition in the National Vaccine Injury Program[2] alleged that as a result of a varicella vaccine administered on January 6, 2022, S.R.C. developed disseminated varicella vaccine-strain viral disease and subsequently died on April 14, 2022. Petition at Preamble (ECF No. 1). On January 22, 2024, the undersigned issued a ruling finding Petitioner entitled to compensation. Ruling on Entitlement dated Jan. 22, 2024 (ECF No. 19). On July 9, 2024, the

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

undersigned issued a decision awarding damages based on a proffer.  Decision Awarding Damages Based on Proffer dated July 9, 2024 (ECF No. 39).

On August 19, 2024, Petitioner filed an application for attorneys' fees and costs.  Petitioner's Motion for Payment of Petitioner's Attorneys' Fees and Reimbursement of Case Costs ("Pet. Mot."), filed Aug. 19, 2024 (ECF No. 44).  Petitioner requests compensation in the amount of $24,365.77, representing $23,694.50 in attorneys' fees, $269.27 in attorneys' costs, and $402.00 in Petitioner's costs.  Id. at 1-2.  Respondent filed his response on August 21, 2024, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Respondent's Response to Pet. Mot. ("Resp. Response"), filed Aug. 21, 2024, at 2 (ECF No. 45).  Petitioner filed a reply on August 22, 2024, maintaining her request for fees and costs.  Pet. Reply to Resp. Response, filed Aug. 22, 2024 (ECF No. 46).  The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Elizabeth Abramson, $295.00 per hour for work performed in 2023 and $320.00 per hour for work performed in 2024.  Petitioner also requests rates between $180.00 and $190.00 per hour for work of her counsel's paralegals from 2023 to 2024.

The undersigned finds the rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein.  The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable and will award them in full.  Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation.  Accordingly, the full amount of costs shall be awarded.

Therefore, the undersigned finds no cause to reduce the requested hours or rates, or the requested costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of Petitioner's request, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards:**

**(1) A lump sum in the amount of $23,963.77, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, mctlaw.  Petitioner requests payment be forwarded to mctlaw, 1515 Ringling Blvd., Suite 700, Sarasota, FL 34236.**

**(2) A lump sum in the amount of $402.00 in the form of a check payable to Petitioner.  Petitioner requests payment be forwarded to mctlaw, 1515 Ringling Blvd., Suite 700, Sarasota, FL 34236.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.